Dominador S. **PERDIDO** and Melva Pating Liguigan Perdido, Petitioners,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 27456
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Dec. 23, 1969.

Sam Williamson, Houston, Tex., for petitioners.

John Mitchell, Atty. Gen., U. S. Dept. of Justice, Washington, D. C., Troy A. Adams, Dist. Director, U. S. Immigration and Naturalization Service, New Orleans, La., District Director, U. S. Immigration & Naturalization Service, Port Isabel, Tex., Morton L. Susman, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for respondent.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GOLDBERG, Circuit Judge:

■ This is a proceeding brought here pursuant to 8 U.S.C.A. § 1105a to review an order of deportation which was affirmed by the Board of Immigration Appeals and is now final.[1] Dominador S. Perdido and his wife, Melva P. Perdido, both 28 years of age, are natives and citizens of the Philippines. Dominador came to this country in June, 1964, as a student under the provisions of 8 U.S.C.A. § 1101(a) (15) (J). Mrs. Perdido entered the United States as the spouse of a student in December of 1964, also under the provisions of 8 U.S.C.A. § 1101(a) (15) (J). They were later reclassified as an exchange visitor and the spouse of an exchange visitor, respectively, and authorized to remain in the United States until September 8, 1968. Since that time they have remained in this country without authority and are now under orders to leave.

The Perdidos' difficulty arises from the provisions of 8 U.S.C.A. § 1182(e) which states:

"No person admitted under section 1101(a) (15) (J) of this title or acquiring such status after admission shall be eligible to apply for an immigrant visa, or for permanent residence, or for a nonimmigrant visa under section 1101(a) (15) (H) of this title until it is established that such person has resided and been physically present in the country of his nationality or his last residence, or in another foreign country for an aggregate of at least two years following departure from the United States * * *."

Since the Perdidos both entered the United States under the provisions of § 1101(a) (15) (J), they can no longer remain in this country and are required under § 1182(e) to spend two years outside the United States before they are eligible to return on a permanent basis. Section 1182(e) does contain a proviso allowing the waiver of this two-year requirement if it would "impose exceptional hardship upon the alien's spouse or child (if such spouse or child is a citizen of the United States or a lawfully resident alien)." The Perdidos applied for such a waiver, claiming that their two-year exile would cause an exceptional hardship on their two children who, because of their birth in this country, are United States citizens. The waiver was denied when the Immigration Service determined that no extraordinary hardship existed.

Petitioners are further handicapped in their efforts to remain in this country by the provisions of 8 U.S.C.A. § 1151(b), which allows the admission as non-quota immigrants of immediate rel-

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I [Oct. 7, 1969].

atives of United States citizens, but provides that in the case of parents, the citizen child who can confer this privilege must be twenty-one years of age. Since the Perdido children are one and two years old, the Perdidos cannot benefit from the immediate relative provisions of § 1151(b).

The petitioners contend that as applied to them the two-year foreign residence requirement of § 1182(e) is unconstitutional. Their argument is that a deportation order against the parents of a citizen child deprives the child of a constitutional right. This argument has been raised and rejected on other occasions. United States ex rel. Hintopoulos v. Shaughnessy, 1957, 353 U.S. 72, 77 S.Ct. 618, 1 L.Ed.2d 652; Harisiades v. Shaughnessy, 1952, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586; Mendez v. Major, 8 Cir. 1965, 340 F.2d 128.

It is undisputed that the Perdido children have every right to remain in this country. The parents, however, enjoy no such right. They entered this country under a special program which requires a two-year absence before a participant is eligible for permanent residence. Entry into this country by aliens has always been a matter of Congressional discretion. Harisiades v. Shaughnessy, *supra*. The petitioners here took advantage of that discretion in order to come here for educational purposes. They cannot now complain because the privilege exception under which they arrived also requires that they depart for two years. Nor can they complain because the discretionary waiver of this requirement provided under § 1182(e) was denied. As the Supreme Court said in Hintopoulos, supra:

> "Suspension of deportation is a matter of discretion and of administrative grace, not mere eligibility; discretion must be exercised even though statutory prerequisites have been met." 353 U.S. at 77, 77 S.Ct. at 621.

Furthermore, it is clear that the adjustment hardship complained of by the Perdidos is not the sort intended by Congress to call for the exercise of the waiver provision. Mendez v. Major, E. D. Mo., 1963, 226 F.Supp. 364, aff'd, 8 Cir. 1965, 340 F.2d 128.

Petitioners also claim that § 1151(b) is unconstitutional insofar as it does not allow a citizen under twenty-one years of age to bestow immediate relative benefits upon his parents. They argue that since adult citizens can confer such benefits, it is an unconstitutional discrimination against a citizen under twenty-one years of age to deny him this privilege. We find no merit in this argument. In 1965, when Congress added parents of citizen children over twenty-one years of age to the category of those eligible to enter this country without regard to immigration quotas, the obvious purpose was to allow those citizens who had their homes and roots in this country to invite their aging parents to join them. This group of citizens had exercised their own volition in making this country their home. On the other hand, a minor child who is fortuitously born here due to his parents' decision to reside in this country has not exercised a deliberate decision to make this country his home, and Congress did not give such a child the ability to confer immigration benefits on his parents. This is a reasonable distinction and contains no constitutional infirmity. Not every family with diverse citizenship among its members can be reunited in this country. Congress had to make some distinction. Since minor children do not ordinarily determine where their own home will be, much less the family home, Congress recognized a rational distinction when it limited the category of those who could confer immigration benefits on their parents to persons over twenty-one years of age. It gave this privilege to those of our citizens who had themselves chosen to make this country their home and did not give the privilege to those minor children whose non-citizen parents make the real choice of family residence.

There being no constitutional deprivation or administrative indiscretion, we must resist the eloquence of petitioners' counsel and stifle our compassion for petitioners' plight. The Perdidos entered this country under a special student program, and now under its terms they must leave for at least two years.

Affirmed.