**Susan M. FAUSTINO, an infant under the age of 14 years, by her Guardian Ad Litem, Albano Vieira, Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Appellee.**

**No. 56, Docket 33811.**

United States Court of Appeals, Second Circuit.

Argued Sept. 28, 1970.

Decided Oct. 5, 1970.

tino, a child now eight years of age. She was born in the United States while her parents, Portuguese citizens, were here in a non-immigrant status. The INS District Director denied an application by her to classify her father as an immediate relative pursuant to § 201(b) of the Immigration and Nationality Act of 1952, 66 Stat. 163, as amended by the Act of October 3, 1965, 79 Stat. 911, 8 U.S.C. § 1151(b), and thereby relieve him of the numerical limitations imposed on immigrants other than those from the Western Hemisphere. The Director did this on the ground, admittedly valid so far as the language of the statute goes, that Susan was not 21 years of age. After the Board of Immigration Appeals dismissed an appeal from his ruling, plaintiff brought this action, seeking a declaration of unconstitutionality of the proviso to § 201(b) which allows citizen children to secure admission of their parents free from numerical limitation only when the child is 21 or more, and a mandatory injunction directing the District Director to process her father's visa petitions. She moved for the convening of a three-judge court pursuant to 28 U.S.C. § 2282; the INS crossmoved to dismiss the complaint. Finding the constitutional question insubstantial, Judge Cannella granted the INS' motion, 302 F.Supp. 212.

On the issue argued in the District Court, namely, the alleged invalidity of Congress' distinguishing between citizen children more or less than 21 for the purpose of relieving their parents from the quota limitation of § 201(a), we can add nothing useful to the opinions of the district judge and of the Fifth Circuit in Perdido v. INS, 420 F.2d 1179, 1181 (1969). Accord, Application of Amoury, 307 F.Supp. 213, 216–217 (S.D.N.Y. 1969). The only reason for even this brief opinion is that plaintiff advanced a new assertion of unconstitutionality in this court. She points to § 212(a) (14) of the Act, 8 U.S.C. § 1182(a) (14), which requires "aliens seeking to enter the United States for the purpose of performing skilled or unskilled

Julius C. Biervliet, Mt. Vernon, N. Y. (Edward Q. Carr, Jr., The Legal Aid Society, New York City, of counsel), for appellant.

Daniel Riesel, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New York and T. Gorman Reilly, Asst. U. S. Atty., of counsel), for appellee.

Before DANAHER, FRIENDLY and HAYS, Circuit Judges.

PER CURIAM:

This action was brought in the District Court for the Southern District of New York on behalf on Susan Faus-

labor" to obtain a certificate from the Secretary of Labor before they can be granted a visa. Among those exempted from this requirement are immigrants who were "born in any independent foreign country· of the Western Hemisphere" so long as they have a child, of whatever age, who is a United States citizen. Plaintiff claims that in light of this provision § 201(b)'s differentiation between adult and minor children is invidious and discriminatory.

■■ Precisely how § 212(a) (14) is thought to advance plaintiff's equal protection claim is not entirely clear. The distinction drawn there between those immigrants who are from the Western Hemisphere and those who are not is also incorporated into § 201's quota limitations. Whether the favor for Western Hemisphere immigrants rests on considerations of good-neighborliness or on ideas, perhaps outmoded, that citizens of Western Hemisphere republics are better attuned to this country's way of life, the decision was within Congressional competence. If plaintiff hopes to demonstrate arbitrariness of the "adult-minor" distinction in § 201(b) by contrasting it with the absence of such a distinction in § 212(a) (14), her argument is equally unpersuasive. Congress could reasonably deem the considerations relevant to the labor certification requirement for eligible Western Hemisphere immigrants to be quite different from those determining whether immigrants from other parts of the world should be allowed to enter without numerical limitation. The dangers of immigration law evasion, for example, might have been found to be of wholly different dimensions in the two cases. Dealing differently with different problems does not offend the requirements of equal protection or due process. Cf. Tigner v. Texas, 310 U.S. 141, 147, 60 S.Ct. 879, 882, 84 L.Ed. 1124 (1940) (Frankfurter, J.) ("The Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same.").

Affirmed.