**Jovita RUBIO de CACHU, Petitioner,**

**v.**

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

**No. 77–1746.**

United States Court of Appeals, Ninth Circuit.

Dec. 2, 1977.

William J. Currer, Jr., Los Angeles, Cal., submitted on the briefs, for petitioner.

Charles W. Kircher, Jr., Asst. U. S. Atty., Los Angeles, Cal., submitted on the briefs, for respondent.

Before ELY, WRIGHT, and CHOY, Circuit Judges.

ELY, Circuit Judge:

Cachu seeks to overturn an Order of the Board of Immigration Appeals. Our jurisdiction is founded on 8 U.S.C. § 1105a (1970). The Board's Order dismissed an appeal from the decision of an immigration judge finding Cachu deportable pursuant to section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1970) (entry without inspection).

Cachu, a citizen of Mexico, came to the United States in 1973 and remained until

August of 1974. In August, 1974, Cachu returned to Mexico for a short period, after which she reentered the United States on September 4, 1974. She has remained in the United States since that time. On June 24, 1974, a child was born to Cachu and her husband in Los Angeles, California. On February 21, 1976, another child was born to the couple in Pomona, California. A deportation hearing was conducted on October 22, 1976, at which hearing Cachu admitted entering the country without inspection. She declined, however, on constitutional grounds, to concede deportability. Cachu's husband was under a final Order of deportation at the time of this hearing. The immigration judge refused to consider the constitutional issues and found Cachu deportable; however, the judge granted Cachu's application for voluntary departure on or before November 23, 1976. An appeal was taken to the Board of Immigration Appeals. The Board dismissed the appeal on March 2, 1977, and this Petition to Review followed.

In her Petition Cachu raises two contentions of substance. First, she argues that certain provisions of the Immigration and Nationality Act violate the constitutional rights of her citizen children. Cachu claims that the provisions of 8 U.S.C. § 1151(b) (1970), requiring citizen children to be at least 21 years of age in order to apply for adjustment of their parents' immigrant status, deprives the children of their due process and equal protection constitutional rights and constitutes an unlawful bill of attainder. Second, Cachu argues that the deportation Order of the Immigration and Naturalization Service (INS) unlawfully deprived the petitioner and her husband of an opportunity to apply for preferential immigrant status under 8 U.S.C.A. § 1153(a)(3) & (6) (West Supp.1977) and for adjustment of status pursuant to 8 U.S.C.A. § 1255 (West Supp.1977). Cachu and her husband, as western hemisphere natives, were, at the time of the deportation Order in this case, not eligible for immigration preference priorities under section 1153. Public Law 94–571, §§ 4 & 6, 90 Stat. 2705 (1976), amending the Immigration and Nationality Act,

altered section 1153 to provide a preference system for natives of the western hemisphere and amended section 1255 to allow for adjustment of status applications by natives of the western hemisphere. *See* (1976) U.S.Code Cong. & Ad.News, p. 6073. Consequently, Cachu claims that both her own and her husband's rights to apply for immigrant priorities and adjustment of status were unlawfully abridged by the Order of deportation. We find no merit in these contentions.

■ The INS asserts that Cachu is precluded from raising her constitutional arguments upon review of a final Order of deportation under 8 U.S.C. § 1105a. It argues that the record of administrative proceedings conducted does not reflect any application for adjustments in status pursuant to the statute now constitutionally challenged. Nonetheless, we hold that Cachu may raise the constitutionality of the challenged statute before this court. *Pilapil v. I. N. S.,* 424 F.2d 6 (10th Cir.), *cert. denied,* 400 U.S. 908, 91 S.Ct. 152, 27 L.Ed.2d 147 (1970).

■ Cachu's constitutional challenges to the statute in question, however, are groundless. Her argument that application of the challenged statute would lead to the violation of the due process and equal protection rights of her citizen children has been repeatedly rejected. *Faustino v. I. N. S.,* 432 F.2d 429 (2d Cir. 1970), *cert. denied,* 401 U.S. 921, 91 S.Ct. 909, 27 L.Ed.2d 824 (1971); *Perdido v. I. N. S.,* 420 F.2d 1179 (5th Cir. 1969); *Lopez v. Franklin,* 427 F.Supp. 345 (E.D.Mich.1977). Moreover, an alien illegally present in the United States cannot gain a favored status merely by the birth of his citizen child. *Lee v. I. N. S.,* 550 F.2d 554 (9th Cir. 1977).

■ We also find no merit in the petitioner's claim that the challenged statute is a bill of attainder. Although we are unaware of any case attacking section 1151(b) as a bill of attainder, we note that section 1151 has been held constitutional. *Faustino v. I. N. S.,* 432 F.2d 429 (2d Cir. 1970), *cert. denied,* 401 U.S. 921, 91 S.Ct. 909, 27 L.Ed.2d 824 (1971). Moreover, deportation

has been held to be a civil rather than a criminal proceeding. *Whetstone v. I. N. S.,* 561 F.2d 1303 (9th Cir. 1977); *Ramirez v. I. N. S.,* 550 F.2d 560 (9th Cir. 1977). Consequently, the challenged statute cannot properly be characterized as a bill of attainder.

■ Nor are we persuaded that the deportation order of the INS unlawfully deprived Cachu or her husband of an opportunity to apply for preferential immigrant priorities and adjustment of status to permanent resident alien. Congress has plenary power to legislate with respect to the exclusion of non-citizens from the United States. *Harisiades v. Shaughnessy,* 342 U.S. 580, 597, 72 S.Ct. 512, 96 L.Ed. 586 (1952); *Dunn v. I. N. S.,* 499 F.2d 856 (9th Cir. 1974), *cert. denied,* 419 U.S. 1106, 95 S.Ct. 776, 42 L.Ed.2d 801 (1975). We find no indication that Congress intended that valid deportation orders covering aliens arguably affected by the 1976 amendments to the Immigration and Nationality Act should be terminated or suspended. It is within the power of Congress to extend preference priority and adjustment of status opportunities to western hemisphere natives on a prospective basis only. Even were we to find that the deportation order does not bar application for immigration priorities and adjustment of status, it would be of little help to the petitioner. Our court has previously held that pending applications for immigration status do not entitle an alien to a suspension or termination of deportation. *Bowes v. I. N. S.,* 443 F.2d 30 (9th Cir. 1971); *Armstrong v. I. N. S.,* 445 F.2d 1395 (9th Cir. 1971). Moreover, it is not clear that Cachu would even be eligible to apply for adjustment of status in view of her entry into the United States without inspection. *See* 8 U.S.C.A. § 1255(a) (West Supp.1977) (Inspection is prerequisite for adjustment.) As noted previously, Cachu was already under an order of deportation when the 1976 amendments became effective. Therefore, it cannot appropriately be held that the order of deportation to which petitioner was subject was illegal, although it did preclude her from benefiting from newly available immigration priorities and adjustment of status.

We have examined Cachu's other conclusory allegations and find them meritless as well. The issuance of this court's judgment will be stayed for a period of 45 days so as to allow Cachu time to arrange for her voluntary departure.

The Order of the Board is

AFFIRMED.