Irene MARTE, Petitioner, for a visa in behalf of

Irène Nunez De Marte, Plaintiff,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Defendant.

No. 81 Civ. 7766 (RLC).

United States District Court, S.D. New York.

Jan. 25, 1983.

Morton B. Dicker, The Legal Aid Society, New York City, for plaintiff; Julius C. Biervliet, New York City, of counsel.

John S. Martin, Jr., U.S. Atty. S.D.N.Y., New York City, for defendant; Thomas E. Moseley, Sp. Asst. U.S. Atty., New York City, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff, Irene Marte, an American citizen born on July 1, 1962, seeking permission for her Dominican mother to immigrate to this country, has brought this action [1] against the Immigration and Naturalization Service ("INS") to challenge the constitutionality of § 201(b) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1151(b).[2] Plaintiff asserts that the Act violates her right to equal protection because it allows unlimited immigration by non-citizen parents of citizens 21 years of age or older, yet restricts entry for non-citizen parents of citizens under the age of 21. Both the plaintiff and the INS have moved

---

1. The court has jurisdiction of this case under 8 U.S.C. § 1329 and 28 U.S.C. § 1331.

2. Section 201(a) of the Act, 8 U.S.C. § 1151(a), states that the numerical quotas on immigrants shall not apply to "the immediate relatives of United States Citizens specified in subsection (b) of this section[.]" § 201(b) of the Act, 8 U.S.C. § 1151(b) provides: .

The "immediate relatives" referred to in subsection (a) of this section shall mean the children, spouses, and parents of a citizen of the United States: *Provided,* That in the case of parents, such citizen must be at least twenty-one years of age. The immediate relatives specified in this subsection who are otherwise qualified for admission as immigrants shall be admitted as such, without regard to the numerical limitations in this chapter.

for summary judgment, pursuant to Rule 56, F.R.Civ.P. The plaintiff has also moved, pursuant to Rule 21, F.R.Civ.P., to join as defendants William F. Smith, Attorney General of the United States, and Charles Sava, District Director of the INS.

In addition, Carol E. Gibson, an American citizen born on December 25, 1962, who seeks to gain entry for her Liberian mother, has moved to intervene in this action, pursuant to Rule 24(b)(2), F.R.Civ.P.

On April 24, 1981, when she was 18 years of age, Marte submitted an I–130 petition to the INS seeking approval for her mother, Irene Nunez de Marte, to become a legal permanent resident of the United States. Marte Aff. ¶ 2. The INS denied the petition on September 30, 1981, on the ground that she was ineligible under § 201(b) of the Act by virtue of her age to apply for her mother's admission. Marte Aff. ¶ 3. Marte appealed to the Board of Immigration Appeals on November 13, 1981, which affirmed the denial of her petition. Marte Aff. ¶ 4.

On June 9, 1982, proposed plaintiff-intervenor Gibson, who was 19 years of age at the time, filed an I–130 petition seeking permission for her mother, Elizabeth Turner Gibson, to immigrate. Gibson Aff. ¶ 4. Although her petition is still pending before the INS, she expects it to be denied inasmuch as her age makes her statutorily ineligible to have the petition approved. Gibson Aff. ¶ 10. Gibson moves to intervene in the instant litigation to join in Marte's constitutional challenge to § 201(b)'s 21-year-age requirement on the ground that her claim and Marte's present common questions of law and fact. Supplementary Law Note in Support of Intervention at 1. The INS opposes the motion to intervene arguing that it would be inappropriate since there are no common issues of fact and Gibson's failure to exhaust her administrative remedies precludes her intervention. Government's Memorandum of Law at 5.

█ While the doctrine of exhaustion provides " 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted[,]' " *McKart v. United States,* 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969), *quoting Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50–51, 58 S.Ct. 459, 463–464, 82 L.Ed. 638 (1938), this doctrine has numerous exceptions. *McKart, supra,* 395 U.S. at 193, 89 S.Ct. at 1662. One of the most important exceptions is that exhaustion is not required where recourse to administrative procedures would be a futile exercise or could not afford adequate relief. *McNeese v. Board of Education,* 373 U.S. 668, 675–676, 83 S.Ct. 1433, 1437–1438, 10 L.Ed.2d 622 (1963); *Hawthorne Oil & Gas Corp. v. Department of Energy,* 647 F.2d 1107, 1114 (Em.App.1981); *White v. Shull,* 520 F.Supp. 11, 13 (S.D.N.Y.1981) (Cannella, J.); 5 B. Mezines, J. Stein & J. Gruff, *Administrative Law* § 49.01 (1982). Because the INS, like all administrative agencies, does not have the authority to review the constitutionality of the legislation it applies, K. Davis, *Administrative Law* 144 (1975), it would clearly be futile for Gibson to exhaust her administrative remedies. In such a situation, exhaustion is unnecessary. *Finnerty v. Cowen,* 508 F.2d 979 (2d Cir.1974); *Stokes v. INS,* 393 F.Supp. 24, 28 (S.D.N.Y.1975) (Brieant, J.).

█ Although Gibson and Marte are at different points in having their I–130 petitions reviewed, Biervliet Aff. ¶¶ 3–4, both parties are ultimately confronted with the identical question of law: whether § 201(b) of the Act violates their constitutional right to equal protection by denying them, because they are under 21 years of age, permission for their parents to be admitted to the United States, while such permission is granted to citizens 21 years of age or older. Moreover, granting the motion to intervene in this case will certainly conserve judicial resources. Accordingly, the motion to intervene is granted.

█ Similarly, inasmuch as the government does not object to joining Attorney General Smith and INS District Director Sava as defendants "in their official capacities and solely for the purposes of declarato-

ry and injunctive relief[,]" Government's Memorandum of Law at 5, the plaintiff's motion to join the two parties as defendants is granted.[3]

■ In challenging the constitutionality of the 21-year-age requirement, plaintiff makes a new constitutional argument, i.e., that because the age of majority has been lowered in most states from 21 years to 18 years, § 201(b)'s drawing the line at 21 is improper. Plaintiff's Memorandum of Law at 10–28. Plaintiff argues that in enacting the 26th amendment, Congress recognized that 18 rather than 21 is the age of majority in modern American society. Plaintiff maintains that she began functioning as an adult for all practical purposes at the age of 18, and that § 201(b) unconstitutionally discriminates against her and those similarly situated by creating two classes of adults: a disfavored class between 18 and 20 years of age, inclusive, and a favored class of those who are 21 years of age or older.

While there is a certain element of appeal to this contention, where best to set the age requisites of the Act is the prerogative of Congress. The ratification of the 26th amendment merely lowered the voting age; it in no way affected the allocation of immigration visas. If Congress wants to change the age requirement of § 201(b), it is free to do so. The age requirement Congress established in the Act is within its powers, and the age classification Congress enacted in § 201(b) has consistently withstood constitutional challenge. *Rubio de Cachu v. INS,* 568 F.2d 625 (9th Cir.1977); *Perdido v. INS,* 420 F.2d 1179 (5th Cir.1969); *Herrera v. Smith,* Civil Action No. 82–0181 (D.C.D.C. June 13, 1982); *Lopez v. Franklin,* 427 F.Supp. 345 (E.D.Mich.1977); *Faustino v. INS,* 302 F.Supp. 212 (S.D.N.Y.1969) (Cannella, J.), aff'd, 432 F.2d 429 (2d Cir.1970),

cert. denied, 401 U.S. 921, 91 S.Ct. 909, 27 L.Ed.2d 824 (1971).

■ Congress has plenary power to regulate the entry and exclusion of aliens. *Faustino v. INS, supra,* 302 F.Supp. at 214, *citing Hitai v. INS,* 343 F.2d 466 (2d Cir.), cert. denied, 382 U.S. 816, 86 S.Ct. 36, 15 L.Ed.2d 63 (1965). " 'Over no conceivable subject is the legislative power of Congress more complete than it is over' the admission of aliens." *Fiallo v. Bell,* 430 U.S. 787, 792, 97 S.Ct. 1473, 1478, 52 L.Ed.2d 50 (1977). Accordingly, immigration regulations must be sustained so long as they are not "wholly irrational," *Narenji v. Civiletti,* 617 F.2d 745, 747 (D.C.Cir.1979), cert. denied, 446 U.S. 957, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1980), "patently arbitrary" or "utterly lacking in rational jurisdiction." *Faustino v. INS, supra,* 302 F.Supp. at 215.

■ The plaintiffs have made no showing that the classification contained in § 201(b) is "wholly irrational." In *Perdido v. INS, supra,* 420 F.2d at 1181, the Fifth Circuit explained:

> In 1965, when Congress added parents of citizen children over twenty-one years of age to the category of those eligible to enter this country without regard to immigration quotas, the obvious purpose was to allow those citizens who had their homes and roots in this country to invite their aging parents to join them. This group of citizens had exercised their own volition in making this country their home. On the other hand, a minor child who is fortuitously born here due to his parents' decision to reside in this country has not exercised a deliberate decision to make this country his home, and Congress did not give such a child the ability to confer immigration benefits on his parents. This is a reasonable distinction and

---

**3.** Marte has also moved, pursuant to Rule 15(a), F.R.Civ.P., to amend her complaint to add a *Bivens* claim. This motion is rejected because of its lateness and because such an amendment may be rejected when "the proposed change is clearly legally insufficient on its face," 6 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1504 p. 542 (1971). Under the standard articulated in, *Harlow v.*

*Fitzgerald,* —— U.S. ——, 102 S.Ct. 2727, 2738–39, 73 L.Ed.2d 396 (1982), it is impossible to conclude that the officials sued here, acting as they were pursuant to the commands of Congress, were not acting in good faith. The disposition of the summary judgment motions in this case also makes clear that the *Bivens* claim is clearly legally insufficient.

contains no constitutional infirmity. Not every family with diverse citizenship among its members can be reunited in this country. Congress had to make some distinction.

It is clear not only that the Constitution gives Congress the power to make such regulations here in issue, but also that Congress is far more competent than the courts to draw such lines.

As the plaintiff concedes, Congress could have selected the ages of 30, 40 or 50 as § 201(b)'s line of demarcation. Plaintiff's Memorandum of Law at 7. Instead, Congress selected 21, a choice neither plainly unreasonable nor designed to achieve a goal unrelated to the regulation of immigration. *Fiallo v. Levi,* 406 F.Supp. 162, 166 (E.D.N.Y.1975), *aff'd sub nom., Fiallo v. Bell,* 430 U.S. 787, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977).

In *Fiallo, supra,* 430 U.S. at 798, 97 S.Ct. at 1481, the Supreme Court stated:.

> With respect to each of these legislative policy decisions, it could be argued that the lines should have been drawn at a different point and that the statutory definitions deny preferential status to parents and children who share strong family ties.... But it is clear from our cases ... that these are policy decisions entrusted exclusively to the political branches of government, and we have no judicial authority to substitute our political judgment for that of the Congress.

The other arguments raised by plaintiff lack merit and warrant no discussion. Plaintiff's motion for summary judgment is denied. The government's motion for summary judgment is granted.

IT IS SO ORDERED.