# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 9, 2009

Charles R. Fulbruge III
Clerk

No. 07-60271
Summary Calendar

ISIDRO GARCIA

Petitioner

V.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A94 011 815

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Isidro Garcia, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals. The BIA dismissed his appeal from an Immigration Judge's (IJ's) denial of (1) a continuance and (2) his claims for equitable relief. The removal order at issue stems from Garcia's 1991 Texas conviction for delivery of more than a quarter ounce of marijuana.

A factual point that Garcia raises throughout his legal arguments is that he has a daughter who was born in this country and requires substantial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medical attention unlikely to be available in El Salvador. Garcia alleges that the equities raised by that factual situation have been presented to the Department of Homeland Security in a request for deferral of action. No documentation of the request appears in this record, but such a request could be made without being filed as part of the current removal proceedings. According to the brief filed by the Department of Justice, the Department of Homeland Security's range of authority under a request for deferral of action includes the following: "(1) decline to institute proceedings; (2) terminate existing proceedings; or (3) decline to execute a final order of removal." Br. of Respondent at 7 n.5 (citing Barahona-Gomez v. Reno, 236 F.3d 1115, 1119 n.3 (9th Cir. 2001)). We quote the Government's brief for this proposition because it expresses the understanding of the Department of Justice as to how its own authority to prosecute immigration matters can be limited. As we will discuss, Garcia was granted several continuances in 2005 as he awaited a response from Homeland Security on his request for deferral of action. There continues to be no evidence that a deferral has been granted. We proceed to consider the legal issues, satisfied that most of the equitable issues were for the Department of Homeland Security.

Garcia argues that unconscionable governmental conduct occurred and violated his Fifth Amendment right to due process. He argues that in light of his daughter's medical needs, the decision to deport him without providing an opportunity to qualify for relief from deportation so shocks the conscience that it amounts to a denial of substantive due process. The basis for his removal is that he was convicted in 1991 of an aggravated felony, namely, delivery of a controlled substance.

For his due process argument, Garcia relies on caselaw concerning punitive damages. See BMW of N. Am. v. Gore, 517 U.S. 559 (1996). We find that such caselaw is inapplicable. First, we have already noted that the Department of Homeland Security is available for the kind of request Garcia is

making. Second, Garcia must have a liberty or property interest before the due process clause is relevant, and no such protected interests arise in the denial of totally discretionary relief. See Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 465 (1981); Gutierrez-Morales v. Homan, 461 F.3d 605, 609-10 (5th Cir. 2006). Furthermore, the process of applying for discretionary relief cannot itself be the protected interest. Ohio Adult Parole Auth. v. Woodard, 523 U.S. 272, 280 n.2 (1998). These initial arguments are unpersuasive.

Garcia also alleges that his child has a separate protected interest. Though his minor daughter is a United States citizen, her constitutional rights are not affected by the deportation of a parent, even where her de facto deportation will result. Perdido v. INS, 420 F.2d 1179, 1181 (5th Cir. 1969); see also Payne-Barahona v. Gonzales, 474 F.3d 1, 2-3 (1st Cir. 2007).

Finally, at the hearing before the IJ, Garcia's counsel admitted – accurately it appears – that Garcia was not eligible for relief from removal because he had been convicted of an aggravated felony. Thus, we find no violation of procedural or substantive due process.

Garcia also characterizes as a substantive due process argument that the constitutional prohibition of a bill of attainder was violated. See U.S. Const. art. I, § 9, cl. 3. This argument is based on the fact that a statute bars aliens convicted of aggravated felonies from applying for cancellation of removal. This argument fails because deportation is not considered to be punishment, which is a prerequisite for a successful labeling of an action as a bill of attainder. INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984); see Cummings v. Missouri, 71 U.S. 277 (1867); SBC Commc'ns, Inc. v. FCC, 154 F.3d 226, 233 (5th Cir. 1998).

Garcia next argues that the decision of the former Immigration and Naturalization Service to grant "ABC"[1] class membership and Temporary

---

[1] See Am. Baptist Churches v. Thornburgh, 760 F. Supp. 796, 797 (N.D. Cal. 1991) (explaining a settlement agreement arising from a class action lawsuit alleging that the government engaged in discriminatory treatment of asylum claims made by Salvadorans).

Protected Status to Garcia, and to allow him to remain in the United States for more than 14 years, estops its successor bureaucracy, the Department of Homeland Security, from denying all relief from deportation. This argument amounts to a challenge to the Government's decision to commence removal proceedings against Garcia. We have no jurisdiction to consider that category of claim. 8 U.S.C. § 1252(g); see Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 487 (1999). Garcia's estoppel claim is without merit.

Garcia also alleges that the IJ's denial of his motion for a continuance pending his request with the Department of Homeland Security for an exercise of discretion not to prosecute him denied him the opportunity (1) to develop his case on the record, (2) to obtain an answer to his request for prosecutorial discretion, and (3) to prepare and present his argument for eligibility for suspension of deportation. He argues that this denial constituted a violation of his Fifth Amendment right to due process and was an abuse of discretion.

The IJ continued the proceedings three times, twice at Garcia's request. At the time of Garcia's third request, which was denied, the IJ could consider that Garcia admitted the factual allegations in the Notice to Appear, had not challenged the IJ's removability finding, and had not requested any formal relief from removal. Simply put, Garcia lacked good cause for a continuance because he was ineligible for removal relief under the relevant statutes. See 8 C.F.R. § 1003.29; Ahmed v. Gonzales, 447 F.3d 433, 439 (5th Cir. 2006). The IJ was under no obligation to grant continuances of indefinite duration. See Witter v. INS, 113 F.3d 549, 555 (5th Cir. 1997).

Garcia argues that the repeal by the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of a provision that would have allowed him to seek suspension of deportation had an impermissibly retroactive effect as applied to him. See Immigration and Nationality Act (INA) § 244, formerly codified at 8 U.S.C. § 1254 (repealed 1996). The Supreme Court has created a limit to the retroactivity of the change. See INS v. St. Cyr, 533 U.S. 289, 316-21

(2001). Unlike the alien in St. Cyr, though, Garcia had no expectation of eligibility for suspension of deportation when he pled guilty in 1991 to delivery of more than a quarter ounce of marijuana, because that offense was an aggravated felony under the law at the time. See Carranza-de Salinas v. Gonzales, 477 F.3d 200, 205 (5th Cir. 2007) (holding that an alien must show "actual, subjective reliance on the pre-IIRIRA state of the law to be eligible for relief"). The change in the law did not change the disqualifying effect of his prior conviction. In addition, Garcia did not have the requisite 10 years of residence in the United States at the time of his 1991 conviction. See INA § 244(a)(2) (repealed 1996). The IIRIRA's repeal of suspension of deportation therefore had no retroactive effect on Garcia.

We accept that Garcia, at least by 2005, had raised in the proper manner to the proper authorities his equitable arguments regarding his daughter's medical needs and any other issues by which he wished to obtain a deferral of action from the Department of Homeland Security. Even at this late date, Garcia has not shown that he has obtained such discretionary relief. There is no legal basis in the proceedings before us on which to grant that form of relief.

Garcia's petition for review of the decision of the BIA is DENIED. His motion for a stay of removal is DENIED. The Government's motion to withdraw its supplemental brief regarding an issue now seen as moot is GRANTED.