# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 21, 2013

No. 12-60253
Summary Calendar

Lyle W. Cayce
Clerk

ALEJANDRA FRANCO BERRIOZABAL DE CHAVEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 877 598

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alejandra Franco Berriozabal de Chavez (Chavez), a native and citizen of Mexico, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing her appeal of the Immigration Judge's (IJ) order of removal and denial of cancellation of removal under 8 U.S.C. § 1229b. Chavez contends that the BIA erred in affirming the IJ's denial of her application for cancellation of removal because the IJ misapplied the exceptional and extremely unusual hardship standard set forth in § 1229b(b)(1)(D). Specifically, she argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the IJ and BIA erred as a matter of law by (1) relying solely on the BIA's non-precedential decision in *In re Andazola-Rivas*, 23 I & N Dec. 319 (BIA 2002), (2) failing to follow this court's precedential decision in *Ramos v. INS*, 695 F.2d 181 (5th Cir. 1983), and (3) failing to properly consider and weigh evidence concerning the significant educational hardship her United States citizen children would face in Mexico.

We are statutorily barred from reviewing the IJ's and BIA's purely discretionary denial of cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007). This jurisdiction-stripping provision does not preclude review of constitutional claims or questions of law. § 1252(a)(2)(D); *Sung*, 505 F.3d at 377. However, we look past an alien's framing of an issue and will decline to consider "an abuse of discretion argument cloaked in constitutional garb." *Hadwani v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006) (internal quotation marks, citation, and alteration omitted).

Chavez's arguments are nothing more than a disagreement with the IJ's and BIA's weighing of the factors underlying the discretionary hardship determination. Her objection to the IJ's and BIA's reliance on *Andazola-Rivas* is an oblique attempt to dispute their unfavorable assessment of the intensity of the educational hardship Chavez's removal would have on her United States citizen children. Further, the IJ's and BIA's decisions reflect that they meaningfully considered all of the relevant hardship factors and evidence, individually and cumulatively. Because Chavez challenges the consideration and weighing of the evidence, we lack jurisdiction over her claim that the BIA erred in affirming the IJ's denial of her application for cancellation of removal. *See Sung*, 505 F.3d at 377.

Chavez also contends that the IJ violated her due process rights by (1) denying her an opportunity to accept or decline voluntary departure after hearing the conditions and amount of the departure bond, and (2) failing to provide her with the mandatory warnings set forth in 8 C.F.R. § 1240.26(c)(3).

2

Further, she contends that the BIA violated her due process rights by failing to remand the case to the IJ to grant a new period of voluntary departure and provide her with the requisite warnings.  Because these issues were not raised before the BIA, we lack jurisdiction to consider them in the instant petition for review.  *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

Finally, Chavez contends that the de facto removal of her United States citizen children would deprive them of their constitutional right to an education in the United States without due process of law and, thus, the IJ and BIA erred in failing to appoint an attorney ad litem to represent the children in Chavez's removal proceedings.  A United States citizen child's constitutional rights are not implicated by the deportation of a parent, even where a de facto deportation of the child would surely occur.  *Gonzalez-Cuevas v. INS*, 515 F.2d 1222, 1224 (5th Cir. 1975); *Perdido v. INS*, 420 F.2d 1179, 1181 (5th Cir. 1969).  Chavez's conclusional and unsupported allegations are insufficient to present a colorable constitutional or legal question.  *Cf. Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).  Therefore, we lack jurisdiction to consider this claim in the instant petition for review.  *See* § 1252(a)(2)(B)(i); *Falek v. Gonzales*, 475 F.3d 285, 289 n.2 (5th Cir. 2007).

Accordingly, Chavez's petition for review is DISMISSED for lack of jurisdiction.