John F. WHITE, Emily D. Kornfeld, Thomas C. Amory, individually and on behalf of all others similarly situated, Plaintiffs,

v.

Carol D. SHULL, as Acting Keeper of the National Register, and as an employee of the Heritage Conservation and Recreation Service of the Department of Interior of the United States of America, Defendant.

No. 80 Civ. 1889 (JMC).

United States District Court, S. D. New York.

March 27, 1981.

Shedler, Weiss & Kozupsky, New York City (Benjamin Shedler, New York City, of counsel), for plaintiffs.

John S. Martin, Jr., U. S. Atty., S.D.N.Y., New York City (Stephen A. Dvorkin, Sp. Asst. U. S. Atty., New York City, of counsel), for defendant.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

Plaintiffs' motion for summary judgment is denied. Fed.R.Civ.P. 56.

Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction is granted. Fed.R.Civ.P. 12(b)(1).

### FACTS

█ Plaintiffs bring this action for declaratory and injunctive relief to remove the Village of Tuxedo Park, New York [the "Village"] from the National Register, a listing of properties and places found by the Secretary of the Interior to be "significant in American history, architecture, archeology, and culture." 16 U.S.C. § 470a(a)(1). Plaintiffs, who are residents of the Village, contend that the Village does not meet the statutory criteria for inclusion in the National Register, and that defendant did not comply with certain mandatory administrative procedures in listing the Village. Defendant responds that all relevant procedures were observed in listing the Village, and that the substantive criteria were satisfied. Defendant further asserts that prior to instituting this action plaintiffs failed to exhaust applicable administrative remedies for review of decisions regarding listings in the National Register. Defendant thus argues that the Court lacks jurisdiction over the subject matter of this litigation, and that the complaint must be dismissed. For the reasons set forth below, the Court agrees with defendant and dismisses the complaint.

### DISCUSSION.

██ The doctrine of exhaustion "provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *McKart v. United States*, 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969) (quoting *Meyers v. Bethlehem Shipbuilding Corp.*, 303 U.S.

41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938)). Absent exhaustion, the Court lacks subject matter jurisdiction to review an agency determination. *See Fairchild, Arabatzis & Smith, Inc. v. Sackheim,* 451 F.Supp. 1181, 1184 (S.D.N.Y.1978). There are essentially three purposes underlying the doctrine: *first,* exhaustion offers an administrative agency the opportunity to correct its own error, if there was one; *second,* the administrative review process may resolve the controversy or narrow the dispute, thus avoiding the necessity of judicial review or at least delimiting it; and *third,* if the controversy remains unresolved, administrative review would likely result in a more fully developed record for judicial review. *See Parisi v. Davidson,* 405 U.S. 34, 37, 92 S.Ct. 815, 817, 31 L.Ed.2d 17 (1972); *McKart v. United States, supra,* 395 U.S. at 193–95, 89 S.Ct. 1657, 1662–63, 23 L.Ed.2d 194; *Marshall v. Northwest Orient Airlines, Inc.,* 574 F.2d 119, 122 (2d Cir. 1978); *Fairchild, Arabatzis & Smith, Inc. v. Sackheim, supra,* 451 F.Supp. at 1184.

■ The exhaustion doctrine is, of course, subject to certain exceptions. Most important of these is when exhaustion would be "futile," as when the administrative remedies do not include the remedy sought by the claimant, or when the agency has already ruled on the very issue raised before the court. *See McNeese v. Board of Education,* 373 U.S. 668, 676, 83 S.Ct. 1433, 1438, 10 L.Ed.2d 622 (1963); *Porter County Chapter v. Costle,* 571 F.2d 359, 364 (7th Cir.), *cert. denied,* 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 130 (1978); *Eisen v. Eastman,* 421 F.2d 560, 568–69 (2d Cir. 1969), *cert. denied,* 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970); *Rosati v. Haran,* 459 F.Supp. 1148, 1159 (E.D.N.Y.1977).[1]

The criteria and procedures for listing a property in the National Register are set forth in 36 C.F.R. Part 60. With respect to properties not under the jurisdiction of the federal government, the states, acting through State Historic Preservation Officers, must nominate such properties for inclusion. A notice and comment procedure follows, and the nomination must then be approved by the State review board. If approved, the nomination is submitted to the Keeper of the National Register in Washington, who must publish a notice in the *Federal Register* that the property is being considered for listing. The nomination is then reviewed by the Office of Archeology and Historic Preservation and if found by its Director to be technically and professionally sufficient and in conformance with the National Register criteria, it is entered on the National Register. *See* 36 C.F.R. § 60.15(a).

Part 60 also provides for the removal of a listed property from the National Register:

> Properties nominated by the States or Federal agencies will be removed from the National Register only when they have ceased to meet the criteria for the National Register: when the qualities which caused them originally to be nominated have been lost or destroyed; upon proof that an error in professional judgment has been made; or, for failure to follow the procedures set forth herein. Information concerning the loss of integrity, error in judgement [*sic*], or procedural error should be submitted through the appropriate State Historic Preservation Officer or Federal representative to the Keeper, National Register, National Park Service, Washington, D.C. 20240.

36 C.F.R. § 60.17. The parties do not dispute that plaintiffs made no attempt to invoke the provisions of this section, but rather in the first instance invoked the jurisdiction of this Court to remove the Village from the National Register. Defendant argues that section 60.17 prescribes an administrative remedy identical to that sought

---

1. A second exception, not relevant herein, arises when the agency's contested action was taken "in excess of its jurisdiction or otherwise . . . in a manner that is clearly at odds with the specific language of a statute." *Coca-Cola Co. v. FTC,* 475 F.2d 299, 303 (5th Cir.), *cert. de-* nied, 414 U.S. 877, 94 S.Ct. 121, 33 L.Ed.2d 122 (1973); *see Leedom v. Kyne,* 358 U.S. 184, 188–89, 79 S.Ct. 180, 183–184, 3 L.Ed.2d 210 (1958); *Fairchild, Arabatzis & Smith, Inc. v. Sackheim, supra,* 451 F.Supp. at 1184.

before the Court and that plaintiffs' failure to exhaust this remedy requires dismissal of the complaint.

■ Section 60.17 does not provide that the jurisdiction of the Keeper is exclusive or that review in the courts may be had only after the prescribed procedure for removal of a property has been exhausted. Nevertheless, despite the absence of an explicit exclusivity requirement, the exhaustion doctrine should be applied if to do so would promote the policy considerations underlying the doctrine. *See McKart v. United States, supra*, 395 U.S. at 193, 89 S.Ct. at 1662.

In the present case, the reasons for requiring exhaustion are clearly present. If procedural errors or errors in judgment were made in listing the Village, exhaustion would afford the agency an opportunity to correct itself without judicial interference, which is particularly appropriate where, as here, the Court lacks the administrative expertise required. *See McKart v. United States, supra*, 395 U.S. at 194, 89 S.Ct. at 1662; *Fairchild, Arabatzis & Smith, Inc. v. Sackheim, supra*, 451 F.Supp. at 1184. Since plaintiffs have not invoked section 60.17's procedures, the agency has not yet had this opportunity. Moreover, the controversy could be resolved if the review process were invoked, which, according to defendant, has occurred on several occasions in the recent past. *See* Affidavit of Carol D. Shull, ¶ 3 (filed Sept. 15, 1980) ["Shull Affidavit"]; Affidavit of Lars A. Hanslin, ¶ 10 (filed Oct. 31, 1980). And even if the controversy is not fully resolved, it appears to the Court that the factual issues could be considerably narrowed, since the listing procedure is lengthy and complex and plaintiffs challenge defendant's actions at numerous points along the way. Finally, the factual record before the Court is sparse at best and consists mainly of charges and counter-charges. Administrative review, therefore, would undoubtedly develop a fuller factual record of proceedings before the agency for a court to review. In short, in this case, common sense clearly dictates the application of the exhaustion doctrine.

Plaintiffs nevertheless advance two arguments in opposition to defendant's motion to dismiss: (1) that the applicable administrative review provisions have not been published and as such are not binding, and (2) that administrative review herein would be futile, since defendant would be asked to reverse her own determination.

■ As to the first argument, plaintiffs, despite a lack of clarity, do not contend that the Code of Federal Regulations is unpublished, but rather that section 60.17 does not set forth in detailed form the administrative mechanism to be followed by the Keeper once information concerning procedural errors or errors in judgment, both of which plaintiffs allege herein, has been received. Although this is true, it does not make section 60.17 any less of an exhaustion provision. Indeed, the Keeper has developed a fair and reasonable mechanism for implementing the removal regulation, of which plaintiffs are now fully informed: when a petition for removal under section 60.17 is received by the Keeper, who is an employee of the Heritage Conservation and Recreation Service, it is reviewed in that office and by the Office of the Solicitor of the Interior Department. In controversial cases, the petition is reviewed by a higher official of the Heritage Conservation and Recreation Service for a final administrative determination. *See* Shull Affidavit, ¶ 4. The Court has been advised that this dispute is just such a controversial case, and that the Director of the Heritage Conservation and Recreation Service will personally consider an administrative appeal of plaintiffs' petition under section 60.17. The Court therefore rejects plaintiffs' first argument.[2]

■ Plaintiffs' second argument is frivolous. The Court has no reason to doubt

---

**2.** Plaintiffs' reliance on *Historic Green Springs, Inc. v. Bergland*, 497 F.Supp. 839 (E.D.Va. 1980), is misplaced. That decision held invalid the designation of certain land as a national historic landmark under 16 U.S.C. § 461 *et seq.*, because the Interior Department had not published substantive and procedural requirements for the designation process; it did not involve the listing of a property on the National Register pursuant to 16 U.S.C. § 470a. Moreover, it

defendant's sworn assertions that on numerous recent occasions recourse to the Keeper under section 60.17 has resulted in removal of properties from the National Register, see Shull Affidavit, ¶ 3, and that higher officials within the Interior Department will fully review her determination, see id., ¶¶ 4–5. The Court is satisfied that the review provided plaintiffs' claims will be both meaningful and in good faith. There is nothing in the record to suggest otherwise.[3]

## CONCLUSION

Accordingly, plaintiffs' motion for summary judgment is denied, Fed.R.Civ.P. 56, and defendant's motion to dismiss the complaint for lack of subject matter jurisdiction is granted, Fed.R.Civ.P. 12(b)(1).

The Clerk of the Court is directed to prepare and enter a Judgment dismissing the complaint.

SO ORDERED.

is conceded in the present case that the substantive and procedural requirements for listing a property on the National Register are set forth in considerable detail in the Code of Federal Regulations, and it is not for lack of such requirements but for failure to comply therewith that plaintiffs complain. It is thus apparent that *Historic Green Springs* has nothing to do with the doctrine of exhaustion and is therefore inapposite.

3. Plaintiffs' motion for summary judgment must be denied in light of the disposition of defendant's motion to dismiss. Even if defendant had not prevailed on its motion, the record reveals many genuine issues of material fact. By affidavit, defendant disputes every factual allegation of plaintiffs' complaint as to the adequacy of notice and the duration of the public comment period, which are the heart of plaintiffs' claim that defendant failed to comply with the requirements of 36 C.F.R. Part 60.