**MADER CONSTRUCTION
CORPORATION,
Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF
LABOR, Riverview Apartments Company, Jack E. Christian Heating & Plumbing, Inc., R.A.N.J. International Construction, Ltd., Gary Kirton d/b/a Kirton Electric, Hakes Brothers Contractors, Inc., and Gross Plumbing & Heating Co., Inc., Defendants.**

**No. Civ–83–819E.**

United States District Court,
W.D. New York.

April 12, 1985.

Peter G. Ruppar, Buffalo, N.Y., for plaintiff.

Joseph M. Guerra, III, Asst. U.S. Atty., Buffalo, N.Y., for defendants.

## MEMORANDUM

ELFVIN, District Judge.

This Memorandum supports and supplies the rationale underlying this Court's Order of October 30, 1984.

Plaintiff ("Mader") has alleged in its Complaint that it was contacted and informed by the United States Department of Labor and the Department of Housing and Urban Development ("HUD") September 6, 1979 that these agencies were commencing an investigation into possible violations of the Davis-Bacon Act, 40 U.S.C. § 276a *et seq.*, and of the Contract Work Hours and Safety Standards Act, 40 U.S.C. § 327 *et seq.*, in connection with a project known as the Riverview Apartments. At the time, Mader was the general contractor for this development, a non-union housing project financed in part by HUD. The Department of Labor and HUD allegedly advised Mader that, as general contractor, it would be required to remit to the Department of Labor $79,030 out of a $90,000 job payment escrow fund being withheld from Mader by defendant Riverview Apartments Company ("Riverview") pending the outcome of the agency wage underpayment investigations.

On September 25, 1979 Mader requested a hearing pursuant to 29 C.F.R. § 5.11(b) with respect to the Department of Labor's allegations. Before such Department had responded, HUD requested that Riverview remit $79,030 out of the escrow fund to cover the wage underpayment claims. Mader contacted HUD and the Department of Labor to object to such remittance.

On April 14, 1980 Mader received a letter from an assistant administrator of the Department of Labor's Employment Standards Administration, Wage and Hour Division, which stated that the Department was continuing its investigation and that Mader's request for a hearing would be considered upon completion of the investigation. Mader again contacted the Department March 20, 1981 regarding its request for a hearing. On April 10, 1981 Mader was notified that the investigation files had been transferred to the solicitor's office for review and referral for a hearing.

A December 5, 1981 Order of Reference granted Mader's request for a hearing and referred the matter to the Chief Administrative Law Judge for appointment of a presiding officer. On or about February 11, 1982 Mader filed a motion to dismiss the pending administrative proceeding on the ground that the hearing was barred by the two-year statute of limitations contained in the Portal-to-Portal Act, 29 U.S.C. § 255. Mader's motion was denied by the Administrative Law Judge (the "ALJ") August 5, 1982. Mader then petitioned the Administrator of the Wage and Hour Division pursuant to 29 C.F.R. § 5.11(b). The Administrative Law Judge ("the ALJ") August June 2, 1983.

Mader has commenced the instant action to review the Administrator's decision. It seeks a declaratory judgment, the dismissal of the Department of Labor's claims under the Davis-Bacon Act and Contract Work Hours and Safety Standards Act and recovery of the funds which had been withdrawn from the escrow account. The Department of Labor has moved to dismiss the Complaint due to Mader's failure to exhaust the administrative remedies provided for in 29 C.F.R. § 5.11(b) and 29 C.F.R. Part 7.

Mader contends that the decision of the Administrator is final for purposes of judicial review pursuant to 29 C.F.R. §§ 5.11(b) and section 10(c) of the Administrative Procedures Act ("the APA"), 5 U.S.C. § 704. Furthermore, Mader maintains that exhaustion of administrative remedies is not mandated in the case at bar inasmuch as any further administrative proceedings would be futile.

■ The procedure·for resolution of disputes of fact or law concerning payment of prevailing wage rates, overtime pay or proper classification had been set forth in 29 C.F.R. § 5.11(b).[1] This section provided in part:

"The administrative law judge's decision shall be sent to the interested parties and shall be final unless a petition for review of the decision by the Administrator of the Wage and Hour Division is filed by any such parties * * *.

"The Administrator's decision shall be subject to further review by the Wage Appeals Board, as it may provide in its discretion."

While it is true that under 29 C.F.R. Part 7, the Wage Appeals Board has discretionary jurisdiction to hear and decide appeals concerning questions of law·and fact from final decisions under Parts 1, 3 and 5, this discretionary authority does not abrogate a party's duty to pursue administrative remedies.

*FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980) (*"Standard Oil"*), provides guidance in determining the finality *vel non* of agency action and therefore the availability of judicial review. Although the particular issue therein was whether the issuance of a complaint by the Federal Trade Commission ("the FTC") was final agency action subject to judicial review before administrative adjudication had concluded, the Court's discussion of the notion of finality as previously addressed in *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct.

1507, 18 L.Ed.2d 681 (1967), is instructive. In *Standard Oil,* the respondent company had filed a complaint against the FTC in the United States District Court for the Northern District of California, alleging that the FTC had issued its complaint without having reason to believe that the company had been violating the Federal Trade Commission Act. The company sought an order declaring that the issuance of the complaint was unlawful and requiring that such be withdrawn.

The decision noted the distinction between the type of action deemed "final agency action" under *Abbott Laboratories v. Gardner* and the issuance of a complaint by the FTC.

"In *Abbott Laboratories,* for example, the publication of certain regulations by the Commissioner of Food and Drugs was held to be final agency action subject to judicial review or an action for declaratory judgment brought prior to any Government action for enforcement. The regulation required manufacturers of prescription drugs to print certain information on drug labels and advertisements. The regulations were 'definitive' statements of the Commissioner's position * * * and had a 'direct and immediate ... effect on the day-to-day business' of the complaining parties. * * * They had 'the status of law' and 'immediate compliance with their terms was expected.' " 449 U.S. at 239–240, 101 S.Ct. at 493.

■ The Court found in *Standard Oil* that the issuance of the complaint therein by the FTC was materially different from the issuance of an agency regulation and was neither a final agency action nor otherwise directly reviewable. Similarly, in the case at bar I find that the Department of Labor's denial of Mader's motion to dismiss the administrative hearing is an interlocutory order, not subject to judicial review

---

1. 29 C.F.R. § 5 was revised as of July 1, 1983. The pertinent provisions are now set forth in 29 C.F.R. § 5.11(c).

under section 10(c) of the APA.[2]  This action by the Department of Labor was merely a determination that the agency will reach the merits of the case.  While there remains the problem relating to the $79,030 withheld out of the job payment escrow fund, the very reason for such fund is to cover situations such as the one here presented.  The legal and practical effect of the agency's denial of the motion to dismiss is actually *de minimis.*

The case at bar is similar to *Sterling Drug v. Weinberger,* 384 F.Supp. 557 (S.D. N.Y.1974), *aff'd,* 509 F.2d 1236 (2d Cir. 1975),. wherein the district court was asked to review agency orders on the theory that the agency was barred by the doctrine of res judicata and/or the doctrine of collateral estoppel.  It was held that a denial of a motion to dismiss a complaint on the ground of res judicata was not appealable.  That court explained that

> "had plaintiffs first presented the res judicata argument before the FDA and had it been rejected there, this Court does not believe that plaintiffs could have then immediately appealed this determination to the court of appeals.  They should not be permitted to avoid this result simply by sidestepping agency consideration and raising their defense directly before a district court.  Instead, the proper procedure is for the plaintiffs to raise this defense in the administrative proceedings and then have the agency determination on this issue (should it be contrary to plaintiffs' claim) reviewed on the appeal to the court of appeals from whatever adverse final decision the FDA may make with respect to the withdrawal proceedings."  (*Id.* at 561.)

◼  Likewise, in the instant case, Mader may not properly sidestep a hearing and final order on the merits by approaching this Court on the statute of limitations defense.  While plaintiff may assert such defense at a hearing before the Wage Appeals Board, and ultimately in a court, if it should eventually appeal an adverse final order on the merits under section 10(c) of the APA, it would be improper for this Court to rule at this time on the applicability *vel non* of the Portal-to-Portal Act's statute of limitations.

Plaintiff has cited *United States v. Consolidated Mines & Smelting Co., Ltd.,* 455 F.2d 432 (9th Cir.1971), for the proposition that

> "intra-agency appeals or taking the last step in such appeals was not a prerequisite of judicial worth unless a statute governing the agency's action requires exhaustion or determines finality, or unless the agency had by its own rule, provided that all agency procedures must be exhausted and that the decision appealed from remains inoperative pending appeal."  *Id.* at 451.

However this case is of little help to plaintiff inasmuch as 29 C.F.R. § 5.11(b) clearly sets out the required procedure for appeals within the Wage and Hour Division and furthermore because the above-quoted statement was dicta and was not intended to be broadly applied.

> "We also hold that our decision today applies only to mining claims and does not apply to the rule of exhaustion of remedies as it may appear in other decisions of this court, involving other agencies."  *Id.* at 452.

◼  The instant case clearly calls for the application of the exhaustion doctrine.  Judicial intervention into the agency's processes may deny the agency an opportunity to correct its own mistakes, if any there be,

---

**2.**  Such section provides:

"Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.  A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.  Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority."

and to apply its expertise. *Standard Oil, supra,* 449 U.S. at 242, 101 S.Ct. at 494. A failure to exhaust administrative remedies would also lead to a piecemeal process of review which would be inefficient and would often involve a court in issues which, upon completion of the agency process, might prove to be no longer viable. *See, McGee v. United States,* 402 U.S. 479, 484, 91 S.Ct. 1565, 1569, 29 L.Ed.2d 47 (1971).

Mader has further contended that, assuming it had failed to exhaust administrative remedies, such exhaustion would be futile in this case. Plaintiff has cited two recent decisions of the Wage Appeals Board, *In the Matter of Glenn Electric,* 78–DBA–119–124 (March 22, 1983), and *Matter of J. Slotnik,* 80–DBA–164 (March 22, 1983), as indications of a firm policy of the Wage Appeals Board which are adverse to plaintiff's position and which assertedly renders futile any appeal of the statute of limitations issue to the Wage Appeals Board.

 It has been noted that "the exhaustion requirement contemplates an efficacious administrative remedy, and does not obtain when it is plain that any effort to meet it would come to no more than an exercise in futility." *Lodge 1858, American Federation of Gov. Emp. v. Paine,* 436 F.2d 882, 896 (D.C.Cir.1970). Exhaustion is "futile" when the administrative remedies do not include the remedy sought by the claimant, or when the agency has already ruled on the very issue raised before the court. *See McKeese v. Board of Education,* 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); *Eisen v. Eastman,* 421 F.2d 560 (2d Cir.1969), *cert. denied,* 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970); *White v. Shull,* 520 F.Supp. 11 (S.D.N.Y. 1981). However the case at bar comes before this Court seeking review of the agency's denial of a motion to dismiss the administrative proceeding. Despite the holdings of *Glenn Electric* and *J. Slotnik,* I find that the appeal to the Wage Appeals Board of a determination adverse to Mader would possibly not be futile. To hold otherwise would not only ignore the function of the Wage Appeals Board but would interrupt the administrative process prior to a hearing and a ruling on the merits.

Mader has not argued that it will suffer irreparable injury, or that the eventual administrative remedy would be inadequate. Moreover, the Department of Labor could find that there have been no violations of the Davis-Bacon Act or Contract Work Hours and Safety Standard Act.

Accordingly the Department of Labor's motion to dismiss the Complaint was earlier granted.