Joseph SWARTZ and Freda Swartz,
Appellants,

v.

William P. ROGERS, Attorney General of
the United States, Appellee.

No. 14029.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 8, 1958.

Decided Feb. 27, 1958.

Petition for Rehearing Denied
March 24, 1958.

Mr. Richard Schifter, Washington, D. C., with whom Messrs. Max M. Kampelman and Eugene Gressman, Washington, D. C., were on the brief, for appellants.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Messrs. Lewis Carroll and Robert J. Asman, Asst. U. S. Attys., were on the brief, for appellee.

Before PRETTYMAN, BAZELON and BASTIAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

Our two appellants are husband and wife. He was lawfully admitted to the United States in 1908 and in 1930 was convicted for violation of the Narcotics Act. In 1942 they were married, she being a naturalized citizen. In 1953 deportation proceedings against the husband were brought under the Immigration and Nationality Act of 1952.[1] In February, 1955, deportation was ordered, on the ground of his conviction. Appellants then filed a complaint in the District Court for declaratory judgment and injunctive relief. The District Court rendered judgment for the Attorney General on the pleadings.

1. 66 Stat. 204, 8 U.S.C.A. § 1251(a) (11).

 On this appeal appellants present two questions. The first question is whether the statute, providing for deportation of an alien who "has been convicted of a violation of any law or regulation relating to the illicit traffic in narcotic drugs," is unconstitutional by reason of the *ex post facto* clause of the Constitution. This question has been decided adversely to appellants by the Supreme Court in Mulcahey v. Catalanotte.[2]

 The second question is whether the marriage in 1942 gave the appellant wife a contract right or a marital status which is so protected by the due process clause of the Fifth Amendment that her husband could not be deported by the retrospective application of a 1952 act of Congress. Appellants argue that the due process clause gave her a right, upon marriage, to establish a home, create a family, have the society and devotion of her husband, etc.; and that to deport her husband by the retrospective application of a statute would unconstitutionally destroy that marital status. But the essence of appellants' claim, when it is analyzed, is a right to live in this country. Certainly deportation would put burdens upon the marriage. It would impose upon the wife the choice of living abroad with her husband or living in this country without him. But deportation would not in any way destroy the legal union which the marriage created. The physical conditions of the marriage may change, but the marriage continues. Under these circumstances we think the wife has no constitutional right which is violated by the deportation of her husband.

Arguments similar to those here presented by our appellants were faced by the Supreme Court in Harisiades v. Shaughnessy [3] and United States ex rel. Knauff v. Shaughnessy.[4] Those cases are not precisely in point, but they involved similar problems, on which the Court's views were in accord with those we here express.

The judgment of the District Court is Affirmed.

BAZELON, Circuit Judge, concurs in the result.

---

2. 353 U.S. 692, 77 S.Ct. 1025, 1 L.Ed.2d 1127 (1957).

3. 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586 (1952).

4. 338 U.S. 537, 70 S.Ct. 309, 94 L.Ed. 317 (1950).