## MATTER OF MCQUAIDE

### In Deportation Proceedings

### A-20058452

### Decided by Board February 11, 1976

Assuming, *arguendo*, that there may be situations in which a citizen child should be permitted to intervene in a deportation proceeding of an alien parent, neither respondent nor her citizen child, through his guardian *ad litem*, has shown that appropriate circumstances for intervention exist in the instant case in which there has been no showing of prejudice to the child, and counsel for respondent has merely asserted that because of the divorce decree provisions granting respondent custody of her child in the United States for the three non-school months of the year, respondent cannot adequately represent the interests of her child.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant— remained longer than permitted.

ON BEHALF OF RESPONDENT:
James J. Orlow, Esquire
233 Broadway
New York, New York 10007

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

This is an appeal from a decision of an immigration judge, dated June 4, 1975 finding the respondent deportable, granting her voluntary departure and denying a motion to permit her United States citizen child to intervene in the deportation proceedings. The appeal will be dismissed.

The respondent is a female alien who is a native and citizen of Greece. She last entered the United States on February 26, 1973 as a nonimmigrant visitor for pleasure. She had remained longer than the period authorized. The respondent admitted the factual allegations of the order to show cause. On the basis of these admissions the respondent is deportable under section 241(a)(2) of the Immigration and Nationality Act. On appeal, the respondent contests only the amount of time which she was granted for voluntary departure and the denial by the immigration judge of the motion to permit her United States citizen child to intervene in these proceedings. The motion was made by the respondent

582

and the child's guardian *ad litem*. Deportability is not in issue on appeal.

The respondent was at one time married to a United States citizen. The record does not indicate the date of the marriage or the age of her United States citizen child. On March 4, 1974, the respondent was divorced from her husband in the family court of Rhode Island. The decree of divorce sets forth fairly explicit provisions for the custody of the child which resulted from this marriage.

Under the terms of the decree, the respondent's former husband is to have custody of the child for nine months of each year for a period coterminous with the normal school year. The respondent is to have custody for the remaining three months of the year. However, the decree also provides that the respondent is prohibited from removing the child from the United States. The effect of this decree is that the respondent may have custody of the child only in the United States. To this end, the decree provides that the respondent's former husband is required to pay for the respondent's expenses in traveling to and from the United States to be with her son.

The respondent contends that her United States citizen child has a right to intervene in these proceedings, and that because of the custody provisions of the decree, permission to intervene should be granted. It is clear that the deportation of an alien parent does not deprive a dependent citizen child of a constitutional right. See *Aalund* v. *Marshal*, 461 F.2d 710 (C.A. 5, 1972); *Perdido* v. *INS* 420 F.2d 1179 (C.A. 5, 1969); Cf. *Enciso-Cardoza* v. *INS*, 504 F.2d 1252 (C.A. 2, 1974); *Swartz* v. *Rogers*, 254 F.2d 338 (D.C. Cir., 1958), cert. denied 357 U.S. 928 (1958).

In *Agosta* v. *Boyd*, 443 F.2d 917 (C.A. 9, 1971), the Court of Appeals for the Ninth Circuit found that there was no basis for conferring a right to intervene in deportation proceedings on a citizen relative of an alien. See also *Cervantes* v. *INS*, 510 F.2d 89, 91–92 (C.A. 10, 1975), *Application of Amoury*, 307 F. Supp. 213 (S.D. N.Y., 1969). In *Encisco-Cardoza, supra,* on which the respondent relies, the Second Circuit indicated in dicta that there could be circumstances in which a United States citizen child should be permitted to intervene in a deportation proceeding.

However, even if we assume, *arguendo*, that there are situations in which a citizen child should be permitted to intervene, neither the respondent or her child, through his guardian *ad litem*, has shown that appropriate circumstances for intervention exist here. See *Encisco-Cardoza, supra,* at 1254. Counsel for the respondent has merely asserted that because of the custody provisions, the respondent cannot adquately represent the interests of her child. The respondent has not explained how the custody provisions have this effect. The respondent has not made any showing that the respondent and the child do not have

coextensive interests. The respondent has an interest in minimizing her separation from her child. The child would appear to have the same interest. Nothing has been presented to indicate that the respondent's child would have presented anything at the hearing that the respondent herself did not present or was able to present. There is simply no showing of prejudice to the child. Accordingly, the motion to intervene was properly denied.

The respondent also contends that she should have been granted more than 30 days voluntary departure. We are satisfied that the immigration judge did not abuse his discretion in granting that amount of time. The respondent may, of course, apply to the district director for an extension of voluntary departure time if she believes that she can establish compelling reasons for such a grant.

The decision of the immigration judge was correct. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.