[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 15, 2004**
**THOMAS K. KAHN**
**CLERK**

No. 03-14690

_____

D.C. Docket No. 01-1070-CV-J-21-TJC

NATIONAL ALLIANCE FOR THE MENTALLY ILL, ST. JOHNS INC.,
a not-for-profit Florida corporation, NAMI FLORIDA, INC.-JACKSONVILLE, ,
A.A., B.B., C.C., all natural persons and residents of St. Johns County, SEAN
O'HEARN, a resident of St. Johns County,

                                        Plaintiffs-Appellants,

    versus

BOARD OF COUNTY COMMISSIONERS OF ST. JOHNS COUNTY,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 15, 2004)**

Before TJOFLAT and HILL, Circuit Judges, and MILLS[*], District Judge.

_____

[*] Honorable Richard Mills, United States District Judge of the Central District of Illinois,
sitting by designation.

RICHARD MILLS, District Judge:

## I. BACKGROUND

This case centers on Appellee Board of County Commissioners of St. John's County (the "Board") decision not to fund what would have been the first mental health residential treatment facility ("RTF") in St. Johns County, Florida. The RTF would have been located at 38 Arenta Street in St. Augustine, Florida. On April 18, 2000, the Board heard public comment on the proposed Arenta Street facility and considered various parking, fire code, and traffic issues prior to its decision. The Board subsequently voted against leasing or funding the facility.

On September 19, 2001, Sean O'Hearn and A.A. (two mentally ill residents of St. Johns County), along with A.A.'s parents B.B. and C.C., the National Alliance for the Mentally Ill, St. John's Inc. ("NAMI-St. Johns"), and the National Alliance for the Mentally Ill, Florida, Inc.-Jacksonville ("NAMI-Jax") (collectively "the Appellants") sued the Board. Among other things, the Appellants alleged that the Board's decision not to fund the Arenta Street facility violated the Fair Housing Act ("FHA"), § 3601, et seq., the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq., the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12131. et seq., and their Fourteenth Amendment right to due process and equal protection, U.S. CONST. amend XIV, § 2.

2

The Board moved for summary judgment on the Appellants' claims and, on August 14, 2003, Hon. Wayne E. Alley, U.S. District Judge, Middle District of Florida, entered a seventy-six page summary judgment order dismissing the Appellants' case. The district court determined that the Appellants lacked standing to sue and failed to establish violations of the FHA, the Rehabilitation Act, the ADA, and the Fourteenth Amendment.

The Appellants timely appealed the district court's decision.

## II. STANDARD OF REVIEW

The Court reviews a summary judgment ruling de novo, "view[ing] the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion." See Burton v. City of Belle Glade, 178 F.3d 1175, 1186-87 (11th Cir.1999). A summary judgment motion should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

## III. ANALYSIS

Article III of the United States Constitution limits the power of federal courts to adjudicating actual "cases" and "controversies." U.S. Const. art. III, § 2,

cl. 1. The most significant case-or-controversy doctrine is the requirement of standing. See Georgia State Conference of NAACP Branches v. Cox, 183 F.3d 1259, 1262 (11th Cir.1999). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

The party who invokes federal jurisdiction must establish that it has standing to assert its claim. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). There are at least three distinct forms of standing: taxpayer standing individual standing, and organizational standing. See Women's Emergency Network v. Bush, 323 F.3d 937, 943 (11th Cir. 2003)(citing Doremus v. Bd. of Educ. of Hawthorne, 342 U.S. 429, 434, 72 S.Ct. 394, 397, 96 L.Ed. 475 (1952), Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992), Havens Realty Corp. v. Coleman, 455 U.S. 363, 378-79, 102 S.Ct. 1114, 1124, 71 L.Ed.2d 214 (1982)). To establish standing under any one of these, a party must "demonstrate that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." See Bennett v. Spear, 520 U.S. 154, 162, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) (internal quotation marks and

4

citations omitted).

Since the Appellants initiated this suit, they have the burden of establishing that the Appellees injured them via a violation of the FHA, the ADA, the Rehabilitation Act of 1973, or the Fourteenth Amendment. To establish an injury under any one of these, the Appellants had to show that the Appellees implemented or enforced housing policies against them in a discriminatory manner. See 42 U.S.C.A. § 3604(f), 42 U.S.C.A. § 12132, 29 U.S.C. § 701, U.S. CONST. amend XIV, § 2. As such, Appellants O'Hearn and A.A. would have to show that they were qualified to live in a group home, sought to do so, and were impermissibly rejected by the Board.

At best, O'Hearn asserts that he *might* have opted to live in a group home had he been given the opportunity to do so and A.A. asserts that he *might* be a candidate for group home living if his situation were to change such that he could no longer live by himself. Assertions about what might happen do not establish an injury that is "concrete and particularized." See Lujan, 504 U.S. at 560, 112 S.Ct. at 2136. Thus, O'Hearn and A.A. lack standing.

A.A.'s lack of standing means that Appellants B.B. and C.C. also lack standing. Since the Board never deprived B.B. or C.C. of any of their rights, B.B. and C.C. could only have standing as third-party litigants. In Singleton v. Wulff,

5

428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976), the Supreme Court recognized the right of litigants to bring actions on behalf of third parties so long as three criteria are satisfied. The litigant must have suffered an "injury in fact," that gives him or her a "sufficiently concrete interest" in the outcome of the dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests. Id. at 112-116, 96 S.Ct., at 2873-2875. Because A.A. has not suffered an "injury in fact," B.B. and C.C. cannot establish third-party standing. See id.

NAMI St. Johns and NAMI-Jax, the two associations who sued the Board, fair no better with respect to standing. NAMI St. Johns and NAMI-Jax assert that they have standing to sue based on the injury they suffered as a result of the Board's decision not to fund the Arenta Street project.[1] According to them, the Board's decision frustrated their agenda and wasted their "economic and human resources." NAMI-St. Johns and NAMI-Jax contend that this is enough to give them standing pursuant to Havens. Id. 455 U.S. at 378-79, 102 S.Ct. at 1124 (an advocacy group's alleged loss of resources can be sufficient to establish injury in fact).

---

[1] The parties gave very little attention to this issue on summary judgment. Consequently, the district court did not reach any conclusion on the matter.

6

The problem with NAMI-St. Johns and NAMI-Jax's argument is that they fail to provide any details about their lost resources. Federal Rule of Appellate Procedure 28(a)(9)(A) requires an appellant to cite "parts of the record on which appellant relies" for his claim. See id. NAMI-St. Johns and NAMI-Jax cite nothing in the record that shows they lost resources. The Court has warned litigants that "failure to comply with Rule 28(a)(9)(A) of the Federal Rules of Appellate Procedure may result in waiver or abandonment of issues on appeal." See Mendoza v. United States Atty. Gen., 327 F.3d 1283, 1286 FN4. (11th Cir. 2003)(citing, Flanigan's Enters., Inc. of Ga. v. Fulton County, 242 F.3d 976, 987 n. 16 (11th Cir.2001), cert. denied, 536 U.S. 904, 122 S.Ct. 2356, 153 L.Ed.2d 178 (2002)). Because NAMI-St. Johns and NAMI-Jax have not satisfied Rule 28(a)(9)(A), the Court deems them to have waived any claim concerning their individual standing.

Alternatively, NAMI-St Johns and NAMI-Jax claim they have associational standing. "An association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Friends of the Earth, Inc. v. Laidlaw Environmental Services

7

(TOC), Inc., 528 U.S. 167, 120 S.Ct. 693, 704, 145 L.Ed.2d 610 (2000) (citing Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977)).

Unfortunately for NAMI-St. Johns and NAMI-Jax, they have not shown that any of their members had standing to sue. The only constituents NAMI-St. John's and NAMI-Jax mention in their brief are O'Hearn and A.A., and neither of them has been injured. NAMI-St. Johns and NAMI-Jax blame their failure to identify any other injured constituents on the Board. According to them, the Board had sole possession of the identities of individual patients. The district court analyzed this assertion and correctly rejected it.

As the district court explained, the Board provided NAMI-St Johns and NAMI-Jax with information pertaining to persons who were eligible for treatment when it tendered discovery materials from the director of the Mental Health Department, Dr. Kenneth Robertson. NAMI-St Johns and NAMI-Jax could have used those materials to ascertain the identities of injured constituents. They did not do so. NAMI-St Johns and NAMI-Jax failure to identify an injured constituent prevents them from asserting associational standing. See Arizonans for Official English v. Arizona, 520 U.S. 43, 66, 117 S.Ct. 1055, 1068, 137 L.Ed.2d 170 (1997)("An association has standing to sue or defend in such capacity, however,

8

only if its members would have standing in their own right.")(citations omitted));

Doe v. Stincer, 175 F.3d 879, 886 (11th Cir. 1999)(the right of an association to sue on behalf of its constituents does not relieve it of its obligation to show that one of its constituents otherwise had standing to sue).

## IV. CONCLUSION

For these reasons, we **AFFIRM** the district court's decision to dismiss for lack of standing.