Fernando **MARTINEZ–VELASQUEZ,**
Petitioner,

v.

Eric H. **HOLDER** Jr., Attorney General,* Respondent.

No. 08–3520–ag.

United States Court of Appeals,
Second Circuit.

Feb. 24, 2009.

---

2. Plaintiff's amended complaint withdrew the request for declaratory relief and now seeks only monetary damages.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Eric H. Holder Jr. is substituted for Michael Mukasey as respondent.

Glenn L. Formica, New Haven, CT, for Petitioner.

Charles E. Canter, Attorney; Barry J. Pettinato, Assistant Director, United States Department of Justice, Civil Division, Office of Immigration Litigation; Gregory G. Katsas, Assistant Attorney General, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Fernando Martinez–Velasquez, a native and citizen of Guatemala, petitions for review of a BIA decision affirming Immigration Judge ("IJ") Michael W. Straus's denial of his application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b). *In re Fernando Martinez–Velasquez*, No. A98 492 596 (B.I.A. June 20, 2008), *aff'g* No. A98 492 596 (Immig. Ct. Hartford, Conn. July 25, 2006). We assume the parties' familiarity with the underlying facts and procedural history, which we reference only as necessary to explain our decision.

The BIA held that Martinez–Velasquez is ineligible for cancellation of removal because (1) he had not "been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of [his] application," 8 U.S.C. § 1229b(b)(1)(A); and (2) he had not demonstrated that his "removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for perma-

nent residence," *id.* § 1229b(b)(1)(D). "When the BIA briefly affirms the decision of an IJ and adopts the IJ's reasoning in doing so, we review the IJ's and the BIA's decisions together." *Pinto–Montoya v. Mukasey,* 540 F.3d 126, 129 (2d Cir.2008) (internal quotation marks omitted). "We review the agency's legal conclusions *de novo,* and its factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B); other internal quotation marks and citation omitted).

■■■■ Martinez–Velasquez does not challenge either of the agency's rulings regarding his ineligibility for cancellation of removal, and, at least with respect to Martinez–Velasquez's failure to demonstrate "exceptional and extremely unusual hardship" to family members, we would lack jurisdiction to review such a challenge in any event. *See Barco–Sandoval v. Gonzales,* 516 F.3d 35, 39 (2d Cir.2008). Rather, Martinez–Velasquez contends, as he did before the agency, that the IJ lacked jurisdiction to issue an order of removal because Martinez–Velasquez's infant son—born in the United States while Martinez–Velasquez's removal proceedings were pending and, therefore, a United States citizen—would be "collaterally" deported as a result of Martinez–Velasquez's removal. In Martinez–Velasquez's words, because he "has a minor child with United States Citizenship," his removal "is not possible by either this Court, the Department of Homeland Security, or the United States Attorney General." Petitioner's Br.

at 16. Martinez–Velasquez also contends that his removal violates his son's due process rights insofar as (1) the agency, without providing Martinez–Velasquez's son an opportunity to be heard, has ordered his father's removal; and (2) such removal "requires the child to surrender his birthrights in the United States and swear allegiance to a foreign sovereign." *Id.* at 20.

Martinez–Velasquez's claims are wholly without merit. Martinez–Velasquez's son is neither a party to his father's removal proceedings nor subject to his father's order of removal. Thus, Martinez–Velasquez's claim that the IJ has "collaterally" ordered his son's removal reduces simply to an assertion that petitioner will be taking his son with him to Guatemala if he is removed.[1] This state of affairs does not deprive the agency of jurisdiction to order Martinez–Velasquez's removal. *See Emciso–Cardozo v. INS,* 504 F.2d 1252, 1253 (2d Cir.1974) (noting that it is "firmly established that an infant's status as a citizen and his dependence on his alien parent do not prevent the deportation of the alien parent"); *cf. Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1010–11 (9th Cir. 2005) (noting that "a removal proceeding like the instant one directly 'concerns' only the alien parent; it affects his or her children indirectly"). Moreover, to the extent Martinez–Velasquez's son's due process rights might properly be taken into account here, we note that "[t]he circuits that have addressed the constitutional issue (under varying incarnations of the immigration laws and in varying procedural postures) have uniformly held that a parent's otherwise valid deportation does not

---

1. Respondent notes that the son's mother (and Martinez–Velasquez's wife), while also in the country without legal authorization, is neither currently in removal proceedings nor subject to an order of removal, *see* Respondent's Br. at 9, and thereby calls into question

Martinez–Velasquez's assertion that his son must either leave the country with him or be rendered an "orphan," Petitioner's Br. at 21. The agency did not address this issue, nor is it relevant to our analysis.

violate a child's constitutional right[s]." *Payne–Barahona v. Gonzales,* 474 F.3d 1, 2 & n. 1 (1st Cir.2007) (citing cases).[2] This is not to ignore the hardship that a parent's removal can impose on dependent children. To the extent the agency is authorized to take such hardship into account, however, it has already done so in this case, and, as noted, we are without jurisdiction to review its decision on that point. *See Barco–Sandoval v. Gonzales,* 516 F.3d at 39.[3]

We have considered petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED.

---

2. To the extent our decision in *Emciso–Cardozo v. INS,* 504 F.2d 1252, recognized that there might be "circumstances [in which] due process require[s] that an infant be permitted to participate in the deportation proceedings against his parent," here, as in *Emciso–Cardozo,* petitioner has "pointed to no circumstances which necessitate such intervention" nor identified "any evidence or argument which could not have been raised by the" petitioner. *Id.* at 1254. Nor, indeed, does the record indicate that Martinez–Velasquez's son sought to intervene here in any event.

3. Martinez–Velasquez filed before the BIA a "Motion to Stay Decision" pending the resolution of an action filed on behalf of his son in the District of Connecticut more than a year after the IJ's decision was issued and while Martinez–Velasquez's appeal to the BIA was pending. The District of Connecticut action raises constitutional claims similar to those asserted here and asks the district court to vacate Martinez–Velasquez's order of removal. Amended Complaint at 8–9, *Alexander–Martinez Rocha v. Gonzales,* No. 07 Civ. 1115 (D.Conn. May 14, 2008). Noting that it lacked jurisdiction to decide the constitutional issues raised, the BIA denied Martinez–Velasquez's motion. Even assuming we have jurisdiction to review the Board's denial of such a motion, Martinez–Velasquez cites no authority in support of his argument that the Board errs when it fails to stay removal proceedings to permit resolution of a collateral action filed by an alien's family members. Indeed, he cites no authority for the proposition that the Board is authorized by statute or regulation to grant such a stay in any event. *Cf.* 8 C.F.R. § 1003.6 (providing for stays in certain enumerated circumstances). Under these circumstances, we identify no error in the Board's denial of Martinez–Velasquez's stay motion. We express no view, however, regarding the merits of the pending District of Connecticut action.