08-0148-ag
Chao v. BIA

BIA
A077 643 059
A072 020 152

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5ᵗʰ day of October, two thousand ten.

PRESENT:
>        JOSÉ A. CABRANES,
>        ROBERT D. SACK,
>        DEBRA ANN LIVINGSTON,
>               *Circuit Judges.*

_____

YUAN LIU CHAO, REN XIN YANG,
>        *Petitioners,*

>        v.                              08-0148-ag
>                                        NAC

BOARD OF IMMIGRATION APPEALS,
>        *Respondent.*

_____

FOR PETITIONERS:         Donald Paragon, New York, New York.

FOR RESPONDENT:          Gregory G. Katsas, Assistant
                         Attorney General, Civil Division;
                         Michele Gorden Latour, Assistant
                         Director; Brendan P. Hogan, Trial
                         Attorney, Office of Immigration
                         Litigation, Civil Division, United
                         States Department of Justice,

**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioners, Yuan Liu Chao and Ren Xin Yang, natives and citizens of China, seek review of a December 19, 2007, order of the BIA denying their motion to reopen. *In re Yuan Liu Chao, Ren Xin Yang*, Nos. A077 643 059, A072 020 152 (B.I.A. Dec. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

**A.   Motion to Reopen**

As an initial matter, we lack jurisdiction to consider petitioners' arguments insofar as they challenge the agency's underlying decision denying their application for relief from removal. *See* 8 U.S.C. § 1252(b)(1); *Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir. 2001); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001). Thus, the only agency decision before the Court is the BIA's December 2007 decision denying petitioners' motion to reopen.

The applicable standards of review are well-

established.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).  An alien may only file one motion to reopen and must do so within 90 days of the agency's final administrative decision.  8 C.F.R. § 1003.2(c)(2).  Petitioners' motion was indisputably untimely because it was filed more than three years after the BIA entered its final order of removal.  However, the time limitation does not apply to a motion to reopen seeking to apply for asylum "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii).

We have previously reviewed the agency's consideration of evidence similar to that which petitioners submitted and have found no error in its conclusion that such evidence is insufficient to establish either changed country conditions excusing the time limit for filing a motion to reopen or a realistic chance of forced sterilization.  *See Jian Hui Shao*, 546 F.3d at 169-73.  Moreover, contrary to petitioners' argument, the BIA reasonably declined to accord probative weight to the village committee notices they

3

submitted because the record contained inconsistent evidence regarding how those documents were obtained. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335, 342 (2d Cir. 2006) (holding that the weight to be afforded to documentary evidence lies largely within the discretion of the tribunal). The BIA's refusal to credit the notices was all the more reasonable in light of the IJ's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007).

**B. Constitutional Claims**

We lack jurisdiction to review petitioners' unexhausted argument that delays in their removal proceedings violated their due process rights. Although the BIA does not have jurisdiction to adjudicate constitutional issues, *see United States v. Gonzalez-Roque*, 301 F.3d 39, 47-48 (2d Cir.2002), such claims must nevertheless be administratively exhausted when the BIA may decide the underlying issues of fairness of process. *See Theodoropoulos v. INS*, 358 F.3d 162, 172-73 (2d Cir.2004). Therefore, the petition for review is dismissed to this extent.

Although we lack jurisdiction to review a BIA member's decision to resolve a particular appeal unilaterally, and

4

without opinion, pursuant to the agency's streamlining procedures, *see Kambolli v. Gonzales*, 449 F.3d 454, 463 (2d Cir. 2006), here, petitioners challenge the constitutionality of those streamlining regulations – an argument over which we retain jurisdiction, *see* 8 U.S.C. § 1252(a)(2)(D). However, it is well-settled that the agency's streamlining regulations do not violate the Due Process Clause. *See Kambolli*, 449 F.3d at 459 (citing *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 156-59 (2d Cir. 2004).

Finally, petitioners failed to exhaust their argument that their removal would deprive their U.S. citizen child of his right to family unity and his right to remain in the United States. *See Theodoropoulos*, 358 F.3d at 172-73. Even if petitioners' failure to exhaust this claim raises a jurisdictional question, we assume hypothetical jurisdiction to consider petitioners' argument because the "jurisdictional issues are complex and the substance of the claim is . . . plainly without merit." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 (2d Cir 2006). Indeed, it is well-settled that "an infant's status as a citizen and his dependence on his alien parent do not prevent the

5

deportation of the alien parent." *Emciso-Cardozo v. INS*, 504 F.2d 1252, 1253 (2d Cir. 1974).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk