[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13585
Non-Argument Calendar
_____

D.C. Docket No. 7:12-cv-03492-LSC


DARYL ARCHIBALD,

Plaintiff-Appellant,

versus

UNITED PARCEL SERVICE CO INC.,
JAMIE DIAZ,
In his Professional capacity as manager
Individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 24, 2015)

Before WILLIAM PRYOR, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Daryl Archibald appeals the summary judgment in favor of his employer, the United Parcel Service, Inc. and its former manager, Jaime Diaz (collectively "UPS"), and against Archibald's complaints of discrimination based on his race, retaliation, and a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), and his right to the free and equal benefit of all laws, *id.* § 1981. Archibald argues that material disputes of fact exist about whether he was denied a promotion to a full-time delivery driver in 2010 and denied assignments as a temporary driver because he is African-American and whether he was accompanied by route supervisors, disciplined for violating company appearance rules, and called at late hours about temporary driving assignments in retaliation for charges that he filed with the Equal Employment Opportunity Commission and to harass him. Archibald also challenges the determination that he abandoned some of his claims. We affirm.

The district court did not err by entering summary judgment against Archibald's complaints that he was denied a promotion by Diaz and temporary driving assignments by UPS because of his race. Even if we assume, like the district court, that Archibald established a prima facie case of racial discrimination, he failed to establish that the legitimate reasons proffered by UPS for its decisions were pretextual. *See Springer v. Convergys Customer Mgmt. Grp. Inc.*, 509 F.3d 1344, 1347 (11th Cir. 2007). Diaz declared that he promoted a white employee,

Jared Courington, as a full-time driver instead of Archibald based on inaccurate information from the human resources department that Courington had more seniority. And UPS submitted declarations from its package dispatch supervisor, David Shelton, that he scheduled Archibald for temporary driving shifts whenever possible, and from its district manager, Sam Robinson, that shifts were given to less senior employees because they needed to qualify as temporary drivers or because Archibald, whose primary job was loading delivery trucks, was ineligible to drive under rules of the Department of Transportation and UPS that prohibited more than 12 consecutive hours of work. Archibald submitted an affidavit from a supervisor, K.J. Johnson, that he did not "assign any full-time positions over . . . Archibald," and from a coworker, Vincent Beverly, stating that Archibald was a "loyal employee" who had been "passed over" in violation of rules of seniority and because of "favoritism," but those affidavits failed to create a genuine factual dispute about the legitimacy of the reasons proffered by Diaz and UPS. *See Springer*, 509 F.3d at 1349. And Johnson's vague statement that Diaz made "false and incorrect" statements "during his deposition" did not remotely suggest that "discrimination was the real reason" for Diaz's decision. *See id.* Archibald argues that he had "superior training" to Courington and other temporary drivers, but Archibald "cannot prove pretext by simply arguing or even by showing that he was better qualified than the person who received the position he coveted." *Id.* The

3

undisputed evidence established that Diaz mistakenly promoted a less senior temporary driver and that UPS assigned driving shifts based on its business needs.

The district court also did not err by entering summary judgment against Archibald's complaints about retaliation and harassment. Archibald failed to establish a prima facie case of retaliation because he did not present any evidence of a material adverse employment action that was causally connected to a protected activity. *See Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1258 (11th Cir. 2012). That Archibald was observed on his driving route ten times during one year, received warnings and a one-day suspension for his violations of company appearance rules, and received nighttime telephone calls to inform him of temporary driving assignments amounted to mere annoyances and did not affect his position with UPS. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415 (2006). Undisputed evidence established that Shelton called Archibald to offer him temporary driving assignments and to excuse him from loading duties; UPS observed Archibald the same amount as other temporary drivers; and UPS promoted Archibald to a full-time driver in March 2013. Even if Archibald's one-day suspension in January 2012 was an adverse employment action, it was too remote from the first charge that he filed with the Commission in October 2011 to establish retaliation based on close temporal proximity, *see Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). And

Archibald presented no evidence of harassment based on a protected characteristic or of severe and pervasive harassment as required to establish a prima facie case of a hostile work environment. *See Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). Archibald alleged that he was disciplined for his "African-American hairstyle," but he testified that he was allowed to wear his hair in braids that did not touch his collar and that no one at UPS made any race-based comments to him.

Archibald argues that the district court improperly treated some of his claims as abandoned, but Archibald has waived this argument. Rule of Appellate Procedure 28(a)(9) requires an appellant to include in his brief his "contentions and reasons for them, with citations to the authorities and parts of the record on which [he] relies." Fed.  R. App. P. 28(a)(8)(A). Archibald's argument consists of a conclusory statement that "[a]ll issues the district court stated that were abandoned are not," and a cursory explanation of the burden on the party moving for summary judgment. Because Archibald neglects to identify any of the claims that the district court treated as abandoned or to explain why the claims were not abandoned, we consider Archibald's argument waived. *See Nat'l Alliance for Mentally Ill, St. Johns Inc. v. Bd. of Cnty. Comm'rs of St. Johns Cnty.*, 376 F.3d 1292, 1295–96 (11th Cir. 2004).

We **AFFIRM** the summary judgment in favor of Diaz and UPS.